## JAMES BRATTEN'S, JOHN MITCHELL'S and CYRUS MITCHELL'S LESSEE v. ELIJAH WOOTTEN and ISAAC BENSON.

Court of Common Pleas. Sussex. April 24, 1798.

*Wilson's Red Book, 191.*

*Coram* BASSETT, C. J., RODNEY and JOHNS, JJ.

*Miller* and *Peery* for plaintiffs. *Ridgely* for defendants.

Plaintiffs showed a judgment, execution, and sale of said lands from defendant, Wootten, to James Bratten, but the deed to the three plaintiffs. Inquisition was not signed by sheriff but only by the two freeholders. The judgment was against Wootten and Trusham. Trusham's lands were not taken in execution.

Defendants offered each of their objections, and showed a deed to Benson from Wootten dated before the judgment against Woot-

ten, also a lease from Benson to Wootten, proved no actual payment of consideration, relying upon the receipt in the deed. Plaintiff proved Benson in narrow circumstances and unable to pay such a consideration and relied [on the fact] that the deed was fraudulent and cited Cowp. 281, 432, 435, 2 Bac.Abr. 594, 3 Com.Dig. 280, 281, 282, [1] Dall. 379. In answer to the objections to their own title, [they] said an execution acquiesced under is equivalent to a conveyance, 4 Term 632, 650 (625 in notes). Defendants said that advantage might be taken of the nullity of inquisition on the trial in ejectment. 4 Com.Dig. 133, [2] Esp. N.P. 437, Bac.Abr.

BASSETT, C. J. (Charge.) This cause has been ingeniously argued on both sides, and I could wish I was relieved from declaring what the law is. There have been a variety of objections to the plaintiffs' title. It has been argued: First, that the title is in a third person and not in plaintiffs. Second, that the proceedings on which plaintiffs sold this land are void, (1) because the goods ought to have been taken before the lands, (2) because the lands of both defendants were not seized, (3) because the inquiry was not properly taken by sheriff, (4) that the deed was not made agreeable to the return of the sheriff and the Act of Assembly [1 Del.Laws 110]. As to all the objections made by defendants, I think it unnecessary to say anything except as to the last. Before I observe on this objection, I must state that every plaintiff must in this kind of action recover by the strength of his own title. If, for instance, the title is joint in them, they must make a lease to a third person, who is to bring the suit. Every person must make his lease to fit his title, whether joint tenant, coparcener, or tenant in common. It is not necessary to prove the fictitious lease, for it is confessed, but he must take care to declare on such a lease as will suit his lessee's title. Where it is laid that all the plaintiffs made a lease, they must show a title that would enable them to do so. A deed has been shown made by the then sheriff to James Bratten, John Mitchell, and Cyrus Mitchell, who would be by the deed, if effectual, joint tenants; but it is in evidence that James Bratten was the purchaser, and not John Mitchell and Cyrus Mitchell with him. The deed therefore was not legally made to them all jointly, and there is not that evidence that will support this suit. Much has been said about fraud, but that we have nothing to do with. It is not necessary for me to say whether a deed is necessary at all to give a title to a purchaser from a sheriff, for here a deed is shown, but I must own I rather think a deed is not necessary. I have always thought the Act of Assembly vests the right upon the purchaser. I have only

to say the title ought to suit the declaration, and the title being in one and the *narratio* by three, they ought not to recover.

Plaintiff's counsel then told the jury they thought it unnecessary to leave the bar.

Verdict for defendants.